### Benjamin F. Herrington v. Nels O. Cassem.

1. CONTEMPT OF COURT—*What is a Sufficient Defense.*—When a party is brought before the court on attachment for contempt in refusing to obey a previous order for the payment of money, it is sufficient to entitle him to be discharged to show that his disobedience has not been

Herrington v. Cassem.

willful, but solely on account of his pecuniary inability, or some other misfortune over which he has no control.

2. IMPRISONMENT FOR DEBT—*Constitutional Rights.*—No person can be imprisoned for debt unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud.

**Contempt Proceedings.**—Trial in the Circuit Court of Kendall County; the Hon. CHARLES A. BISHOP, Judge, presiding. Finding and judgment against defendant; error by defendant. Heard in this court at the December term, 1898. Reversed. Opinion filed April 11, 1899. Rehearing denied May 18, 1899.

BENJAMIN F. HERRINGTON, plaintiff in error, *pro se.*

McDOUGALL & CHAPMAN, attorneys for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a proceeding against plaintiff in error for contempt of court in failing to pay to defendant in error the sum of $169.35, in compliance with an order of the Circuit Court of Kendall County.

It appears from the evidence in this case that in the year 1888, William H. Hopkins filed a bill in the Circuit Court of Kendall County against George M. Hollenback, executor, etc., et al., to foreclose a mortgage on certain premises described in said bill. On June 20th of that year, a decree of sale was entered, and said Hollenback, being then master in chancery of said county, plaintiff in error was appointed special master to execute the decree. Plaintiff in error afterward, as such special master, sold the premises in pursuance of said decree and Hollenback became the purchaser. The purchaser having failed to comply with the terms of the sale, the same was set aside and another sale ordered by the court, and in accordance with such order plaintiff in error, as such special master in chancery, on the 23d day of March, 1889, sold said premises to Nels O. Cassem, defendant in error. Owing to some matters connected with the suit which were afterward brought to the attention of the

court, and with which neither plaintiff in error nor defend-
ant in error had anything to do, the court refused to con-
firm the second sale and ordered the money which had been
paid to plaintiff in error by defendant in error to be
returned to the latter.

This order was complied with so far as possible. Plaintiff
in error had retained out of moneys in his hands the sum of
$344.35, which he claimed to be due him as his fees and
commissions earned on the sales of said premises; but the
court directed that the amount allowed for commissions be
reduced to the sum of $175, leaving the sum of $169.35 in
the hands of plaintiff in error to be accounted for.

On May 2, 1893, an order was entered directing plaintiff
in error to pay to defendant in error, or to the clerk of the
court for him, the said sum of $169.35 within sixty days
from that date, and that on his failure so to do, that he, the
said plaintiff in error, be held in contempt of court. From
this order plaintiff in error prayed an appeal to the Supreme
Court, which was allowed by the court but not perfected.

Plaintiff in error having failed to pay said sum of money
in compliance with the terms of said order, the court after-
ward, on November 16, 1897, on the petition of defendant
in error, entered a rule on plaintiff in error to show cause
by the first day of the next term of court why he should
not be dealt with for contempt of court for his failure to
comply with such order. Plaintiff in error filed his answer
to the petition and afterward, on the 14th day of November,
1898, a hearing was had and plaintiff in error was adjudged
guilty of contempt of court and ordered to stand commit-
ted to the common jail of Kendall county until he should
pay the said sum of money to said defendant in error or to
the clerk of said court. This writ of error seeks a reversal
of said judgment. Many errors are assigned, but the only
question necessary for us to consider is whether plaintiff in
error was, at the time the order was entered, actually in con-
tempt of court. In the answer which he filed to the peti-
tion of defendant in error, plaintiff in error stated among
other things that he did not have any money in his posses

sion or control belonging to defendant in error at the time he was ordered to pay said sum of $169.35, nor has he had since in his possession or control any moneys belonging to said defendant in error.

He further states that long before and at the time of the making of the order for the payment of said money, he did not have any money of his own out of which he could have paid said $169.35 to defendant in error, nor has he had any money since then of his own out of which he could have paid the same; that he has no money now out of which he could pay said sum or any part thereof, and that he is poor and has no property upon which he could obtain a loan to make such payment, and for said reasons he is unable to comply with said order. He further states that he has repeatedly tried, since the making of said order, to obtain a loan and satisfy said claim of $169.35, but that owing to the stringency of the times he has been and is now unable to obtain such loan, and for that reason he was and is now unable to comply with said order. He denies that he is in contempt of any lawful order of said Circuit Court, or that he has willfully refused to obey any lawful orders thereof, and states "that if it was in his power he would gladly pay to said Nels O. Cassem said unjust sum of $169.35, simply to buy his peace, not hereby admitting that the defendant is justly indebted thereon." From this answer it appears that plaintiff in error has always claimed and does now claim that the said amount of $169.35, which he was ordered to pay, was justly due him for his commissions on said sales, but that notwithstanding that fact he would pay said sum in compliance with the order of the court if he were able to do so; that he has no funds of his own out of which he can make said payment, and that he has no property upon which he could obtain a loan; that he has repeatedly tried to obtain a loan of the amount named, but has been unable to do so. This answer was sworn to by the plaintiff in error, and on the hearing was admitted in evidence without objection.

On the hearing no evidence was introduced to controvert

the facts stated in the answer, and it must therefore be taken as true; In the case of O'Callaghan v. O'Callaghan, 69 Ill. 552, it was held, that when a party is brought before the court on attachment for contempt in refusing to obey a previous order of that court for the payment of money, it is sufficient to entitle him to be discharged to show that his disobedience has not been willful, but was solely on account of his pecuniary inability or some other misfortune over which he had no control. This doctrine is approved by our Supreme Court in Dinet v. The People, 73 Ill. 183, and Blake v. The People, 80 Ill. 11.

The Constitution declares that "no person shall be imprisoned for debt unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud."

We are of opinion that the statement of the plaintiff in error as to his desire to pay the amount named in the order and his inability to do so, together with his disavowal of any intention of being in contempt of court are, in the absence of evidence showing a contrary state of facts, or raising a strong presumption of fraud, sufficient to purge him of contempt.

The order of the court below is therefore reversed.