(No. 14093.—Reversed and remanded.)

THE ILLINOIS GLASS COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(WALTER MC-
LAIN *et al.* Defendants in Error.)

*Opinion filed February 22, 1922—Rehearing denied April 5, 1922.*

WORKMEN'S COMPENSATION—*when Industrial Commission loses
jurisdiction because of delay in filing stenographic report.* The In-
dustrial Commission cannot extend the time for filing the steno-
graphic report of the hearing before the arbitrator for more than
thirty days, and if the report is not filed within such extended
time, and the parties do not, by appearance before the commis-
sion, waive the objection, the commission acquires no jurisdiction
of the case. (*Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill.
462, distinguished.)

WRIT OF ERROR to the Circuit Court of Madison county;
the Hon. J. F. GILLHAM, Judge, presiding.

BURROUGHS & RYDER, (R. J. BALCH, of counsel,) for
plaintiff in error.

C. C. ELLISON, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

October 14, 1919, Robert McLain was killed while in
the employ of the Illinois Glass Company. His parents
claimed compensation on the ground that they were depend-
ent upon the earnings of the deceased. A hearing was had
before an arbitrator appointed by the Industrial Commis-
sion, and he filed his decision January 15, 1920, finding that
the parents, defendants in error, were not dependent upon
the earnings of their deceased son and awarded them $150
for burial expenses in accordance with the provisions of par-
agraph (*e*) of section 7 of the Compensation act. (Laws
of 1919, p. 540.) The decision of the arbitrator was filed
with the Industrial Commission and due notice of the de-
cision was received by defendants in error February 19,

1920.  A petition for review was duly filed by defendants in error March 3, 1920, and on the same day an order was entered by the commission extending the time thirty days for filing the stenographic report of the proceedings.  On April 6, 1920, a further extension of thirty days was granted.  April 23, 1920, the stenographic report was filed with the Industrial Commission.  ' On April 6, 1920, the commission gave notice to the parties of a hearing on review by it at East St. Louis on June 17, 1920, at nine o'clock A. M. at the city hall.  On July 15, 1920, the commission entered its order in the case reversing the finding of the arbitrator, and found that Anna McLain, mother of deceased, was dependent upon his earnings, and made an award in her favor of $1650 under paragraph (*c*) of section 7 of the Compensation act, payable weekly.  No additional evidence was taken by either of the parties and the award of the commission was made on the evidence before the arbitrator.  The order of the commission recites that no one appeared before it in behalf of either party, and the record of the commission does not show an appearance before it by plaintiff in error at any time after the arbitrator had made his award.

Plaintiff in error makes the contention that the commission was without jurisdiction to reverse the finding of the arbitrator and to enter its order for two reasons:  (1) Because the notice for hearing on review at East St. Louis on June 17, 1920, given on April 6, 1920, was without authority and void;  (2) that the plaintiff in error was not bound to answer such notice, and that the petition for review should have been dismissed for failure to prosecute.

Paragraph (*b*) of section 19 of the Compensation act provides that unless the party petitioning for review shall within twenty days after receipt by him of the copy of the arbitrator's decision, or within such further time, not exceeding thirty days, as the commission shall allow on cause shown, file with the commission an agreed statement of

facts or a correct stenographic report of the proceedings before the arbitrator, then the decision of the arbitrator shall become the decision of the Industrial Commission, and in absence of fraud such decision is conclusive. The commission had no authority, under the statute, to extend the time for filing the stenographic report for more than thirty days, and the commission lost jurisdiction of the case for failure of defendants in error to file such stenographic report within the time required by the statute. (*People* v. *Andrus,* 299 Ill. 50.) The commission was therefore without authority to review the award of the arbitrator, which became automatically the decision of the commission after it had so lost jurisdiction of the case. The objection that the stenographic report was not filed in time is one that could have been waived by the plaintiff in error, and would have been waived had it entered its appearance before the commission and made no objection to the commission to its proceeding in the cause for such want of jurisdiction. (*Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462.) As there was no appearance in the case before the commission by plaintiff in error at any time after the decision of the arbitrator was filed with it, it had no jurisdiction of the person of the plaintiff in error and consequently no jurisdiction of the case, and its decision was a nullity for the reasons given in the case just cited.

On review the circuit court of Madison county in the *certiorari* proceeding quashed the writ of *certiorari* and confirmed the decision of the Industrial Commission. This was error. The record of the commission should have been quashed for the reason that the Industrial Commission had lost jurisdiction of the case and had no jurisdiction of the person of the plaintiff in error.

The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to set aside the award of the Industrial Commission and to remand the cause to the commission with directions to enter an order

that the award of the arbitrator stand as the order of the Industrial Commission.

*Reversed and remanded, with directions.*