(No. 15548.—Judgment affirmed.)

JOHN BAKER, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE EAST ST. LOUIS COTTON OIL COMPANY, Plaintiff in Error.)

*Opinion filed December 19, 1923—Rehearing denied Feb. 7, 1924.*

1. WORKMEN'S COMPENSATION—*an arbitrator's decision becomes final on failure to file stenographic report in required time—act of 1921.* Both the petition for review and the agreed statement of facts or stenographic report must be filed with the Industrial Commission within the proper time in order to give it jurisdiction to review an award of the arbitrator, and the mere fact that the petition is filed in the required time does not hold the case open for review so that the amendment of 1921 providing for a trial *de novo* may apply after the expiration of the time for filing the stenographic report, provided objection to the jurisdiction of the commission is made in apt time.

2. SAME—*when amendment of 1921 for trial de novo does not apply.* The amendment of 1921 to section 19 of the Workmen's Compensation act, providing for a *de novo* hearing, does not apply to a case where the decision of the arbitrator has become final before the act took effect, and the objection to the jurisdiction of the commission to review such decision has not been waived.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

KRAMER, KRAMER & CAMPBELL, and ROLAND H. WIE-CHERT, for plaintiff in error.

M. R. SULLIVAN, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant in error was injured on January 14, 1920, while in the employ of plaintiff in error in its plant in St. Clair county, by being struck on the head by a piece of iron or rock which it is alleged in the application fell from a chain conveyor running overhead across the bin where he was working. The arbitrator found in favor of the applicant and the Industrial Commission set aside such award. The circuit court set aside the order of the Industrial Commission and made the order of the arbitrator final, and the case is now brought here by plaintiff in error for further review.

It is not admitted that the accident arose out of and in the course of the employment. There is a dispute in the testimony as to whether the evidence showed that the injury was the result of an accident, and in this connection there is a claim that the evidence does not show that the injury was directly the result of Baker's employment but that it occurred as the result of an assault by a third person.

The conditions surrounding the defendant in error's work were substantially as follows: The building where he worked was about 400 by 90 feet and contained ten bins on one side, over which a chain-drag ran ten feet from the floor, carrying cotton seed hulls, which were deposited in the bins, from which a conveyor conveyed the hulls into the mill. Defendant in error was in bin No. 3, and it was his duty to feed the hulls into the conveyor. Under the continuous chain-drag there was a V-shaped trough, which,

it is contended on behalf of plaintiff in error, prevented pieces of rock or coal from falling into the bin. The defendant in error, however, testified that the chain-drag carried a rock in it to make it heavy, and that he was struck by such rock falling on his head when he was bending over, using his fork. According to certain testimony offered on behalf of plaintiff in error, the applicant, after the injury, stated that he thought he had been struck by some person, sometimes saying it was by Tag Hopkins and sometimes that it was by Jimmie Hopkins, a brother of Tag. One of the witnesses testified to overhearing a conversation in the toilet of the plant between defendant in error and Jimmie Hopkins in which he heard Hopkins say to defendant in error: "You go ahead; I will get you; I will sure get you." The evidence shows that Tag Hopkins was not present at the plant on the day of the accident, or at least at the time of the injury, and it also appears that he was arrested at the instigation of plaintiff in error but was apparently discharged on the trial. The evidence also discloses that no rock or other article was found in the bin where defendant in error worked, but that there was found near the doorway of the bin, some five feet distant from where he was working, a bolt with a small amount of fresh blood on it. The defendant in error was apparently knocked unconscious at the time of the injury and was first taken to his boarding place and afterwards to the hospital, where he remained until about March 1, following. The physician for plaintiff in error testified that he had examined the defendant in error, previous to the time of the injury, for a syphilitic condition, although it is not shown that this condition had anything to do with the injury or its resulting effect. At the time of the injury the physician found a compound fracture of the skull, with pressure symptoms developing and the pulse getting worse, and he testified that he trephined the skull, after which the pressure symptoms continued but the pulse improved. The patient developed

severe spasms, for which he was treated, and there was a left-side paralysis which continued for some time, and while the witness testified that the applicant was rational when he talked with him at his office and witness did not think he was suffering from mental trouble, he also stated that he did not think he would improve over the condition as it existed at the time of the hearing. The defendant in error testified that at the time of the hearing he suffered pain; that his sleeping was affected; that he had fits or spells, when he would fall down, and his memory and mind had been affected; that since the time of the injury he had for a time washed dishes in a restaurant but had to quit on account of his head.

The arbitrator found that defendant in error was employed by plaintiff in error and that the work was carried on under the Workmen's Compensation act; that defendant in error sustained the injury complained of, which arose out of and in the course of the employment; that his annual earnings were $1350 for the preceding year, or an average weekly wage of $25.96; that first aid, medical, surgical and hospital services had been furnished; that the applicant was entitled to receive $12 per week for 291 weeks and $8 for one week, as provided in paragraph (*f*) of section 8 of the act as amended, for the reason that the injuries sustained resulted in complete disability, rendering him wholly and permanently incapable of work, and thereafter a pension for life of $320 per annum, payable $23⅓ per month; that at the date of the decision the applicant was entitled to receive $720 compensation accrued from January 15, 1920, to date of hearing.

The decision of the arbitrator was received by the Industrial Commission March 29, 1921. There were several motions to extend the time to file the stenographic report, made each month from April of that year until October, and the stenographic report was actually filed November 19, 1921. A petition for review was filed April 7, 1921. On

December 13, 1921, counsel for the defendant in error appeared specially, objecting to the jurisdiction of the Industrial Commission to hear the petition for review and moving to dismiss the plaintiff in error's petition for review on the ground that the decision of the arbitrator was entered on the 29th day of March, 1921, and the stenographic report or agreed statement of facts had not been filed within the time required by the statute, and that therefore the decision of the arbitrator was final. Thereafter, on February 9, 1922, plaintiff in error filed a petition for a trial *de novo,* for the reason that the stenographic report had not been furnished by the reporter who took the evidence at the hearing before the arbitrator, within thirty days of the filing of the petition for review. This motion was based upon amended paragraph (*e*) of section 19 of the Workmen's Compensation act, passed in 1921, which act became effective July 1, 1921. (Laws of 1921, p. 456.) The defendant in error moved to strike the petition for a trial *de novo* from the files. This motion was overruled and a trial *de novo* was granted and the applicant was directed to introduce evidence and prove his case *de novo,* but he did not introduce any evidence or swear any witnesses. The award of the arbitrator was therefore set aside, vacated and annulled, and it was held that the applicant was not entitled to compensation. The case was then taken by defendant in error to the circuit court, where a motion was made by plaintiff in error to dismiss the cause for the reason that the bond filed by defendant in error was not in accordance with the order of the Industrial Commission. The plaintiff in error also moved to quash the writ of *certiorari.* The circuit court set aside the order of the Industrial Commission, and held that the order of the arbitrator had become final at the time of the hearing and order entered by the commission, and that the commission was without power and jurisdiction over the award of the arbitrator. The court further held that plaintiff in error had waived any

error which it had presented in its motion to quash the writ of *certiorari* as to the stenographic report of the additional proceedings presented before the Industrial Commission on the hearing on review not being filed within the time required by statute, by submitting itself to the jurisdiction of the court and arguing the case on its merits.

The petition for review, as stated, was filed April 7, 1921, which was within the time required by statute, and this, it is contended by counsel for plaintiff in error, gave the Industrial Commission jurisdiction of the particular case, and it is argued that even though the stenographic report was not filed within fifty days from the time the arbitrator's decision was received by the Industrial Commission, the right given under the amendment to section 19, which went into effect July 1, 1921, accrued to plaintiff in error because it affected only the remedy or procedure in the particular case.

While the stenographic report was not required to be filed at the same time the petition for review was filed, both the petition and the agreed statement of facts or stenographic report are required to be filed with the commission within the proper time in order to give it jurisdiction to review the award. (*Oelsner* v. *Industrial Com.* 305 Ill. 158; *St. Louis Pressed Steel Co.* v. *Schorr,* 303 id. 476.) The method of review required by the Workmen's Compensation act was exclusive at the time the application and award by the arbitrator were filed. (*St. Louis Pressed Steel Co.* v. *Schorr, supra.*) By not objecting that the stenographic report was not filed within the time required, and by participating in the proceedings thereafter, a party to a workmen's compensation suit may waive that question. (*Taylor Coal Co.* v. *Industrial Com.* 301 Ill. 381; *Pocahontas Mining Co.* v. *Industrial Com.* 301 id. 462.) But neither of those cases holds that jurisdiction is obtained and retained if the stenographic report is not filed within the

prescribed time and the party entitled to make the objection does object and does not waive the question. The defendant in error had not waived the question of the time within which the stenographic report should be filed but clearly showed his intention not to do so, and the award of the arbitrator had become final and binding upon the public authorities. (*Illinois Glass Co.* v. *Industrial Com.* 302 Ill. 388.) There was no pending procedure or remedy to which the amendment providing for a trial *de novo* could apply.

The amendment to paragraph (*e*) of section 19 passed in 1921, under which plaintiff in error claims the right to a *de novo* hearing, did not go into effect until July 1, 1921. Some time prior to that date the award of the arbitrator had become final under paragraph (*e*) of section 19 as amended in 1919. (Hurd's Stat. 1919, p. 1462.) Without construing the amendment of 1921 referred to, it is sufficient to say that it has no application to this case.

Our attention has been called to no other authority, and we find none, which holds that the Industrial Commission has the right to make an order which would have the effect of holding the case open simply because the petition for review was filed in time under the circumstances here shown, so that the amendment providing for a trial *de novo* could apply. We think the circuit court rightly held that the Industrial Commission was without jurisdiction to make an order which had the effect of reviving a case which had already been finally determined.

In view of our conclusion it is unnecessary to pass upon the evidence or other questions raised in the record and briefs.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*