(No. 28198.—

CORN BELT MOTOR COMPANY, INC., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(IDA G. WALKER, Admx., Defendant in Error.)

*Opinion filed January 17, 1945—Rehearing denied March 15, 1945.*

JAMES J. MCKENNA, of Chicago, and JOSEPH W. DEPEW, of Bloomington, (RICHARD P. GARRETT, of Chicago, of counsel,) for plaintiff in error.

RICHARD F. DUNN, of Bloomington, for defendant in error.

Mr. JUSTICE SMITH delivered the opinion of the court:

This case is here on writ of error, granted by this court, to review a judgment of the circuit court of McLean county. By the judgment, the court quashed a writ of *certiorari* issued out of that court to review an award of the Industrial Commission.

L. A. Walker, the injured employee, received an injury on November 28, 1940, while employed by Corn Belt Motor Company, Inc. The injury arose out of and in the course of his employment. It is not controverted that both parties were subject to, and comprehended within, the provisions of the Workmen's Compensation Act. Thereafter, Walker filed an application with the Industrial Commission for compensation. A hearing on this application was had on March 23, 1942. On May 12, 1942, an award was made by the arbitrator for temporary total disability and medical and hospital expenses, aggregating $1091.14. There was no petition filed to review that award and it became final. The case was No. 298424 on the docket of the commission. That case, however, is not here involved. It is here referred to only for the purpose of showing one of the events in the historical background leading up to the present controversy. It appears from the record that Walker died on April 29, 1942. This was after the cause was heard and submitted and while the matter was pending before the arbitrator, and before the award was filed. Evidently his death was not called to the attention of the arbitrator or the Industrial Commission, before the award was filed.

On June 6, 1942, which was twenty-five days after the award was filed in case No. 298424, Ida G. Walker, the widow of the injured employee, as such widow and as administratrix of his estate, filed her application with the Industrial Commission for an award for the death of her husband which, it was alleged, resulted from the injuries sustained by him on November 28, 1940. This case was numbered 309383 on the docket of the Industrial Commission. A hearing on this petition was had before an arbitrator of the commission. On October 19, 1942, an award was made by the arbitrator in favor of the widow for the death of her husband in the sum of $4000. Whether the question of the right of the arbitrator to make an award,

where the death of the employee occurred more than one year after the injury was sustained, was raised at the hearing before the arbitrator does not appear, as the record on that hearing is not before us.

A petition for a review of this award in case No. 309383, for the death claim, was filed with the Industrial Commission by Corn Belt Motor Company, Inc. It did not, however, file with said petition or at any time thereafter, either an agreed statement of facts or a transcript of the evidence taken before the arbitrator.

A hearing on review was set for March 12, 1943. Counsel for both parties appeared before the commissioner at that time. Counsel for the Corn Belt Motor Company, Inc., called the attention of the commissioner and counsel for the petitioner to the decision of this court in *Hilberg* v. *Industrial Com.* 380 Ill. 102, in which it was held that under the 1939 amendment to section 24 of the Workmen's Compensation Act, the death of the employee must occur within one year from the date the accidental injury is sustained in order to entitle the widow to compensation for his death. The opinion in that case was filed on May 13, 1942. This was more than twenty days before the petition for compensation was filed by the widow, and more than five months before the award in her favor was filed. There was some discussion between counsel for both parties and the commissioner. They seem to have all agreed that under the decision in the *Hilberg case* no award could be lawfully made in favor of Ida G. Walker for the death of her husband, because his death did not occur within one year from the date on which the injuries were sustained. In this discussion it was agreed, apparently by counsel for both sides, that the administratrix would be entitled to recover the amount of the compensation accruing to the injured employee up to the time of his death.

The commissioner suggested that a settlement contract be prepared and submitted to the commission for approval.

The record shows that the commissioner finally made the statement, "You two get together and draw up a settlement contract in the amount you stipulate and we will o.k. that and dismiss it then." The record further shows that a settlement contract was prepared, providing for the payment of $1163.80, based upon the amount of compensation accruing to the injured employee up to the time of his death. This contract was signed by both parties and their counsel and later delivered to the commission. The record does not show the date on which the settlement contract was received by the commission. It bore no file mark.

Thereafter, the parties were notified to appear before the commissioner on April 15, 1943. At this hearing, which was attended by counsel for both parties, counsel for the widow moved to withdraw the settlement contract submitted, and moved to dismiss the petition for review for failure to file either an agreed statement of facts signed by the parties or their attorneys, or a transcript of the evidence within the time fixed by the statute. The commissioner refused to allow the withdrawal of the settlement contract. He allowed the motion to dismiss the petition for review because no agreed statement of facts or transcript of the evidence had been filed as required by section 19(b) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1943, chap. 48, par. 156.) The record shows that this settlement contract was marked, "Rejected Apr. 19, 1943, Industrial Commission of Illinois, By Elmer Schofield, Member." Counsel for Corn Belt Motor Company, Inc., thereupon removed the cause by *certiorari* to the circuit court of McLean county for review. As already indicated, that court upon a hearing, quashed the writ of *certiorari* and confirmed the decision of the commission.

That the right to have the award reviewed by the commission was lost by the failure to file an agreed statement of facts or a transcript of the evidence, as required by section 19(b) of the Compensation Act, must be conceded.

(*Cooke* v. *Industrial Com.* 340 Ill. 309; *Benton Coal Mining Co.* v. *Industrial Com.* 321 Ill. 208; *Gould Construction Co.* v. *Industrial Com.* 311 Ill. 472; *Baker* v. *Industrial Com.* 310 Ill. 550.) Nevertheless, the record shows that at the hearing before the commissioner on March 12, 1943, the attorneys and the commissioner all agreed that the widow was not entitled to an award for the death of her husband, because he did not die within one year after the injuries were sustained. They further agreed that she, as administratrix, was entitled to have an award for the amount of compensation accruing to the injured employee, up to the time of his death. This amount was also agreed upon. At the suggestion of the commissioner, a settlement contract was entered into by the parties and their attorneys and submitted to the commission. In view of what transpired before the commissioner on March 12, 1943, both parties had the right to assume that the settlement contract would be approved and that the proceedings for the award for the death of the employee, then pending on review, would be dismissed without the necessity of filing a transcript of the evidence taken before the arbitrator. The attitude of counsel for the widow at that time is best illustrated by a quotation from the record of a statement then made by him: "MR. DUNN: Well, I am very sorry to say I never felt before like the sheep led to slaughter as I do in this, I can't help it, I just have to concede that counsel is right; the Court has spoken and it is a clear cut proposition. We were proceeding under 368, the Buick case and when this decision was handed down by the Commission about the 21st of October, along came this advance sheet and hit us right square in the nose."

At the next hearing on April 15, 1943, there was a decided change of attitude on the part of the attorney for the widow, as well as on the part of the commissioner. It was then too late for the respondent to file a transcript of the evidence in the proceeding to review the award of

the arbitrator. Counsel for the widow then asked to withdraw the settlement contract and to strike the petition for review. The commissioner denied the motion for leave to withdraw the settlement contract, but dismissed the petition for review on the ground that no transcript of the evidence taken before the arbitrator was filed with the commission. This left in force an award in favor of the widow in the amount of $4000, to which, as a matter of law, all parties agreed, she was not entitled.

The action of the commissioner in dismissing the proceeding for review, was proper. The right to have the award of the arbitrator reviewed had not been preserved in the manner provided by the statute. But the record in this case also brings up for review the order of the commission rejecting the settlement contract. It is not disputed that the amount to be paid under the contract was the full amount of compensation due under the law. Why the commission refused to approve the contract does not appear. Its action in refusing to approve the settlement was arbitrary and unwarranted. It was the agreement of the parties, fairly entered into, for the payment of the full amount of compensation payable under the law. The refusal of the commission to approve the settlement, under the circumstances shown in the record, resulted in a positive injustice to one of the parties, which cannot be condoned.

The judgment is reversed, and the cause is remanded to the circuit court of McLean county, with directions to set aside the decision of the Industrial Commission refusing to approve the settlement, and to enter an order and judgment approving the settlement contract entered into by the parties on March 24, 1943, and for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*