(No. 29119.—

MARION E. SWEITZER, Defendant in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(SHERWIN-WILLIAMS
DEFENSE CORPORATION, Plaintiff in Error.)

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

Angerstein & Angerstein, (Thomas C. Angerstein, George W. Angerstein, Thomas K. Gifford, and A. R. Cagle, of counsel,) all of Chicago, for plaintiff in error.

Paul D. Reese, of Jonesboro, for defendant in error.

Mr. Justice Wilson delivered the opinion of the court:

Marion E. Sweitzer filed with the Industrial Commission an application for adjustment of claim against the Sherwin-Williams Defense Corporation, alleging that he sustained an accidental injury on April 30, 1943, arising out of and in the course of his employment. On January 18, 1945, an arbitrator awarded compensation at the rate of $22 per week for a period of 7 2/7 weeks for temporary total incapacity. The employee's attorney received a copy of the arbitrator's decision on January 26. No petition for review by the Industrial Commission was ever filed by either Sweitzer or his employer. On February 14, 1945, on motion of Sweitzer's attorney, an order was signed by a member of the Industrial Commission granting an extension of thirty days in addition to the twenty days provided

by statute for filing a transcript of evidence. Thereafter, Sweitzer sued out a writ of *certiorari* from the circuit court of Williamson county, and the record of the Industrial Commission was filed as its return to the writ. In the meantime, on March 12, 1945, the transcript of evidence on arbitration was filed with the Industrial Commission. The circuit court overruled the employer's motion to quash the writ of *certiorari,* vacated and set aside the decision of the commission, awarded Sweitzer compensation for thirty-four weeks at the rate of $22 per week, rendered judgment on the award and, also, entered judgment for $92.75, representing medical services, $85 for expenses in procuring the record returned by the commission, and costs. We have allowed the employer's petition for a writ of error for a further review of the record.

Seeking a reversal of the judgment of the circuit court, the Sherwin-Williams Defense Corporation, the plaintiff in error, makes the contentions, among others, that the circuit court did not acquire jurisdiction of this cause on the writ of *certiorari,* since the record returned by the Industrial Commission to the writ disclosed, first, that no petition for review was ever filed with the commission and, second, that the stenographic report of the evidence and proceedings before the arbitrator was not filed within the time prescribed by statute. To sustain the judgment, Sweitzer, the defendant in error, maintains that the power of the circuit court is not limited to a review of only those decisions of the Industrial Commission rendered by it upon a petition for review; that this court has so construed section 19 of the Workmen's Compensation Act in *Jakub v. Industrial Com.* 288 Ill. 87, and, further, that an authenticated transcript of the proceedings before the arbitrator was filed with the commission in apt time.

In the *Jakub case,* decided April 15, 1919, an arbitrator denied the employee's application for compensation. The

decision of the arbitrator was filed with the Industrial Commission and became final as its decision. There was no application for a review by the commission of the arbitrator's decision, and the question presented in this court was whether the circuit court had jurisdiction to review the arbitrator's decision. Subsection (f) of section 19 of the statute, as amended in 1917, and in force on the day of the decision, provided: "The decision of the Industrial Board, acting within its powers, according to the provisions of paragraph (e) of this section, and of the arbitrator or committee of arbitration, where no review is had and his or their decision becomes the decision of the Industrial Board in accordance with the provisions of this section, shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided." (Laws of 1917, pp. 500, 502.) In defining the jurisdiction of the circuit court on *certiorari* proceedings in workmen's compensation cases, subsection (f) of section 19, as it then obtained, provided, further: "The court may confirm or set aside the decision of the arbitrator or committee of arbitration or Industrial Board." This court held that where the decision of the arbitrator has become the decision of the Industrial Commission because no application was made for review before the commission, the circuit court has jurisdiction to review the record of the proceeding before the arbitrator by writ of *certiorari,* observing: "By the statute the circuit court was given jurisdiction to review the record by *certiorari* without the necessity of a review of the decision of the arbitrator by the commission." The decision in the *Jakub case* was necessarily rendered in the light of the applicable portions of the Workmen's Compensation Act then in effect.

By an act approved June 28, and effective July 1, 1919, subsection (f) of section 19 was amended by the legislature. So far as relevant, the statute, as amended in 1919, and in effect throughout the course of the present pro-

ceeding, provided: "The decision of the Industrial Commission, acting within its powers, according to the provisions of paragraph (e) of this section shall, in the absence of fraud, be conclusive, unless reviewed as in this paragraph hereinafter provided." (Laws of 1919, pp. 545, 547.) From an examination of subsection (f), in force in 1917, and as amended after the *Jakub* case was decided, it appears that the following language "and of the arbitrator or committee of arbitration, where no review is had and his or their decision becomes the decision of the Industrial Board in accordance with the provisions of this section," was omitted from the statute, as amended, and, also, that no similar provision was substituted then or at any time since.

Another change was made in subsection (f) of section 19 by omitting the words "the arbitrator or committee of arbitration" from the provision, "The court may confirm or set aside the decision of the arbitrator or committee of arbitration or Industrial Board." Since 1919, this pertinent provision of section 19 has been as follows: "The court may confirm or set aside the decision of the Industrial Commission."

The amendment to the first sentence of subsection (f) of section 19 of the Workmen's Compensation Act following the decision of this court in *Jakub* v. *Industrial Com.* 288 Ill. 87, in the manner described, and the continued omission of the deleted words, manifests a clear legislative intent to change the law upon which the opinion in the *Jakub case* was predicated, and to provide, instead, that a decision of an arbitrator where no petition for review with the Industrial Commission is filed shall be conclusive, and not subject to review by the circuit court. This conclusion is fortified by the amendment to the provision, "The court may confirm or set aside the decision of the arbitrator or committee of arbitration or Industrial Board" to ordain that "The court may confirm or set

aside the decision of the Industrial Commission." The omission of the words "the arbitrator or committee of arbitration" reaffirmed the° legislative intention that unless reviewed as provided by section 19, a decision of the Industrial Commission, in the absence of fraud, shall be conclusive. In particular, the intent expressed is that "decision of the Industrial Commission" refers to a decision entered by the commission upon a petition for review of the arbitrator's award or decision, and not a decision of the arbitrator which has become the decision of the commission because no petition for review has been filed with it.

Not only was subsection (f) of section 19 amended in 1919, but subsection (b) was likewise amended subsequent to our decision in *Jakub* v. *Industrial Com.* Subsection (b) of section 19, as it obtained at the time of the decision mentioned, provided: "The decision of the arbitrator or committee of arbitration shall be filed with the Industrial Board, which board shall immediately send to each party or his attorney a copy of such decision, together with a notification of the time when it was filed, and unless a petition for a review is filed by either party within fifteen days after the receipt by said party of the copy of said decision and notification of time when filed, and unless such party petitioning for a review shall within twenty days after the receipt by him of the copy of said decision, file with the board either an agreed statement of the facts appearing upon the hearing before the arbitrator or committee of arbitration, or if such party shall so elect, a correct stenographic report of the proceedings at such hearings, then the decision shall become the decision of the Industrial Board." (Laws of 1917, p. 500.) As amended in 1919, the quoted provision was changed only by substituting the word "commission" for "board," and adding at the end of the quotation these words: "and in the absence of fraud shall be conclusive." (Laws of 1919, pp. 545, 546.) The quoted portion of subsection (b), as amended

in 1919, has remained without change. (Ill. Rev. Stat. 1945, chap. 48, par. 156(b).) The amendment to subsection (b) demonstrates, further, the intention of the General Assembly to provide that where an arbitrator's decision becomes the decision of the Industrial Commission for the reason that a review by the latter is not sought, the decision becomes conclusive, and is not open to review by the circuit court. Contemporary construction for more than a quarter of a century, although not decisive, is in accord with our conclusion.

If defendant in error was dissatisfied with the arbitrator's decision, he should have sought a review by the Industrial Commission. Having failed so to do, he cannot by-pass the commission and obtain, for all practical purposes, a direct review by the circuit court. In short, he should have exhausted the administrative remedies afforded him by the statute before resorting to the courts. 42 Am. Jur., Public Administrative Law, sec. 197; *Bistor* v. *McDonough,* 348 Ill. 624.

The argument is advanced by defendant in error that section 19 does not expressly require a review of the decision of an arbitrator by the Industrial Commission as a prerequisite to a review by the circuit court. Statutes should be construed according to their intent and meaning. A situation which is within the object, spirit and the meaning of a statute is regarded as within the statute although not within the letter. (*People ex rel. Simpson* v. *Funkhouser,* 385 Ill. 396; *Burke* v. *Industrial Com.* 368 Ill. 554.) We are of the opinion that the plain intention of section 19 of the Workmen's Compensation Act is to make a review of an arbitrator's decision by the Industrial Commission a condition precedent to a review by the circuit court.

The defendant in error insists that, in any event, the plaintiff in error has waived its right to challenge the jurisdiction of the circuit court. Apart from the fact that

plaintiff in error did make a motion to quash the writ of *certiorari,* this contention is not well taken. It is true, as asserted, that the circuit court is a court of general jurisdiction, and that it is vested with authority to review workmen's compensation proceedings, (Ill. Rev. Stat. 1945, chap. 48, par. 156(f)(1) and (2),) and, further, that it had jurisdiction of the persons in the present cause. Jurisdiction of the subject matter is the right to hear and determine causes of the general class to which the particular cause belongs. As applied to a certain controversy, however, jurisdiction is the right to hear and determine that controversy. (*Woodward* v. *Ruel,* 355 Ill. 163.) In workmen's compensation cases circuit courts exercise a special jurisdiction not arising out of the common law but of statutory creation purely. They are limited by the language of the statute, and where the applicable statute prescribes a specific form of review, all other forms are excluded. (*Nierman* v. *Industrial Com.* 329 Ill. 623.) Again, it has been said that the right to review the decision of the arbitrator under subsection (b) of section 19 of the Workmen's Compensation Act being entirely statutory, and as the method provided is *sui generis,* a party seeking a review must strictly follow the statute. (*Benton Coal Mining Co.* v. *Industrial Com.* 321 Ill. 208.) Where a court is exercising a special statutory jurisdiction the record must show that the particular proceeding is one upon which the court has authority to act. (*Ashlock* v. *Ashlock,* 360 Ill. 115; *Fico* v. *Industrial Com.* 353 Ill. 74.) The powers which the circuit court may exercise by virtue of the statutory writ of *certiorari* are merely the powers which the Workmen's Compensation Act confers. The statute does not authorize the circuit court, in the absence of a review of the arbitrator's decision by the Industrial Commission, to review the decision in the first instance. Since the power to make such a review is lacking, the

judgment rendered is without warrant or authority in the workmen's compensation statute. Where a court, after acquiring jurisdiction of a subject matter, transcends the limits of the jurisdiction conferred, its judgment is void. *Flake* v. *Pretzel,* 381 Ill. 498; *Armstrong* v. *Obucino,* 300 Ill. 140.

The judgment of the circuit court must be reversed for another reason. Subsection (b) of section 19 requires, as prerequisites to a review of the arbitrator's decision, first, a petition for review filed within fifteen days after the receipt of a copy of the arbitrator's decision and, second, an agreed statement of facts or a correct transcript of the evidence within twenty days after the receipt of the copy of the decision. A proviso to subsection (b) of section 19 authorizes the Industrial Commission or any of its members to grant an extension of time not exceeding thirty days in which to petition for a review or to file an agreed statement of facts or transcript of the evidence. The decision of the arbitrator was received by defendant in error's attorney on January 26, 1945. Within the twenty-day period provided by subsection (b) of section 19, a member of the Industrial Commission entered an order granting an extension of time, to the extent of thirty days, in addition to the twenty days provided by statute, for filing a transcript of the proceedings before the arbitrator with the Industrial Commission. On March 12, 1945, within forty-five days after receipt of a copy by·his attorney, the decision of the arbitrator and an authenticated transcript were filed with the commission. The inescapable fact remains, however, that defendant in error did not file a petition for review within fifteen days, as prescribed by subsection (b) of section 19. The purpose of the provisions of the statute limiting the time within which a petition for review can be completed is to prevent delay in the administration of the law and to provide a summary remedy. (*Oelsner* v.

*Industrial Com.* 305 Ill. 158.) The fifteen-day period following receipt by defendant in error's attorney on January 26 of a copy of the arbitrator's decision to which a petition for review could be filed terminated February 11, 1945. Upon this last-named day, the decision of the arbitrator became the decision of the Industrial Commission, pursuant to section 19(b), and the right to have the award reviewed was lost by the failure to file a petition for review conformably to section 19(b). (*Corn Belt Motor Co. v. Industrial Com.* 389 Ill. 320.) It accordingly becomes unnecessary to consider whether the order granting an extension of time for filing an agreed statement of facts was improvidently entered, for the adequate reason that when the order granting an extension was signed on February 14, 1945, the time for filing a petition for review had expired.

A stipulation entered into between the parties cannot avail defendant in error in the present case. The stipulation provided that it would be applicable "in the event either party files a petition to review the award of the arbitrator within the time required by law * * * that the opposite party will not raise the question of the jurisdiction of the Industrial Commission to review said award of the arbitrator upon the ground that said transcript of evidence was not filed within the limitations fixed by law." Here, since no petition for review was ever filed by either party, the stipulation is inapplicable to the situation presented. Moreover, the controlling question before us relates to the jurisdiction of the circuit court, and not to the jurisdiction of the Industrial Commission.

The judgment of the circuit court of Williamson county is reversed. *Judgment reversed.*