People of State of Illinois, Appellee, v. Albert K. Livingston, Appellant.
People of State of Illinois, Defendant in Error, v. Albert K. Livingston, Plaintiff in Error.

Term Nos. 47F8, 47F9.

314

Opinion filed April 25, 1947. Released for publication June 2, 1947.

BEN A. STEWART, of Rock Island and CALVERT & BROCKMAN, of Olney, for appellant and plaintiff in error; BEN A. STEWART, of Rock Island, of counsel.

R. S. ROWLAND, of Olney, for appellee and defendant in error; CHAS. E. JONES, of Robinson, of counsel.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

These matters come before us on an appeal by appellant, Albert K. Livingston (hereinafter called defendant) from an order finding him guilty of contempt entered by the county court of Richland county on

July 20, 1946. We, likewise, have for consideration a writ of error to the county court of Richland county sued out by the said Albert K. Livingston to reverse a judgment of the county court of Richland county convicting him of committing a nuisance in violation of the provisions of ch. 38, par. 466, 1945 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 37.415]. We are considering both the appeal and the writ of error and determining all questions with reference to both proceedings in this opinion.

Motions to dismiss the appeal and to dismiss the writ of error were filed by the state's attorney of Richland county on the ground that the defendant has waived all errors by failing to file a motion for new trial or in arrest of judgment in the original proceedings, and for the further reason that the record does not conform with the rules of this court through not having been compiled from the files of the case and, likewise, that the record is not properly certified. We do not believe either motion should be granted for the reason that under the facts, as will be disclosed in the body of this opinion, defendant did not and could not waive the errors which may have been committed in the court below, principally for the reason that in the writ of error proceeding the basic attack is on the jurisdiction of the court to order the defendant to abate the alleged nuisance. We shall give more detailed consideration to this matter in the course of this opinion.

On the question of whether or not the record conforms to the rules of the court, the affidavit of the clerk submitted in support of objections to the motions made by plaintiff in this cause to dismiss the appeal and writ of error indicates that the record was true, correct and complete and it does not appear in any of the motions made by plaintiff that the record is in fact incorrect or that injury would result to the objecting party because of the inclusion of any ma-

terial by the clerk which was objected to. The motions will, therefore, be denied and we will proceed to a consideration of the appeal and writ of error.

On December 7, 1943 an information, consisting of two counts, was filed by the state's attorney of Richland county in the office of the county clerk, charging the defendant, Albert K. Livingston, with stream pollution on certain land in violation of ch. 38, par. 466, of the 1945 Ill. Rev. Stat. The second count charged stream pollution on other land. There is no specific averment of the character of the alleged pollution.

On February 26, 1945 the defendant was arraigned before the county court upon the charges. He waived jury trial and entered a plea of "non-contendre" to the information. The court found the defendant guilty and imposed a fine of $50 and costs as against the defendant and, in addition as part of the judgment, entered an order in the following terms "defendant is directed to correct condition within thirty days."

On March 26, 1946 the state's attorney filed the petition of one Herman Hahn for a citation against the defendant which alleged the filing of the information as against him and charged the violation of par. 466 of ch. 38, 1945 Ill. Rev. Stat., referred to the plea by the defendant and the order of the court herein referred to, and then alleged the failure of the defendant to correct and stop the pollution as ordered, and specifically alleged that the pollution had become a nuisance as charged in the information, and prayed that the defendant be cited to show cause why he has not corrected the condition as provided in the order, that he be ordered to comply with the order, and for other just and proper relief. The citation was issued, by the clerk commanding Livingston to appear before the county court and show cause why execution and claim should not issue against him and that he be held for contempt of court in failing to comply with the order.

Defendant thereafter filed a written motion to quash the original information, to expunge the order of conviction, and to strike the petition for citation, and to declare defendant purged of contempt, and set up therein that the information failed to charge the defendant with a criminal offense under the statute; that the plea of "non-contendre" was not a legal or recognized plea to the information; and the defendant not having pleaded either guilty or not guilty to the charge in the information the court was without jurisdiction to proceed to a final judgment and that, therefore, the order entered on February 26, 1945 was void; that the court was without jurisdiction in the order directing the defendant to correct the condition within 30 days as there was no provision for such an order in the statute; that the effect of such order and direction was to abate a nuisance, and that the court was without jurisdiction to order the defendant to abate any nuisance and, therefore, the order was void. This motion was denied by the county court. Thereafter defendant filed his verified answer to the petition for citation and incorporated the same defenses in the verified answer and, in addition thereto, denied that he has failed to correct and stop the pollution, denied that it had become a nuisance, etc.

Upon the hearing of the petition for citation and the answer thereto the plaintiff presented the witness Herman Hahn, who testified he was an oil well inspector for the Department of Mines and Minerals of the State of Illinois; that he had examined the lands in question several times and that no effort had been made by defendant or anyone else to correct the condition which existed on February 26, 1945. It was developed by this witness on cross-examination that he saw seepage about 20 feet south of a well belonging to defendant and that two other wells in the vicinity were pumping at the time of his inspection, but he did not know whether salt water was being disposed

from such wells. He did, however, see salt water coming out of the ground and came to town and filed the information as against defendant. He stated that he determined that the salt water came from defendant's well because of the closeness of the salt water to the well. He stated, however, that he could not follow the identical water from the well until it came out. On behalf of the defendant it was shown that he first learned of the claim that salt water was coming from his pump when he came into court on February 26, 1945; that on the same day the order was entered to correct the condition he ordered equipment from a tool company and thereafter ordered certain pipe for the purpose of correcting the condition. He could not, however, buy four inch casing anywhere, so as to complete the cork which he had undertaken, presumably to correct the condition.

Defendant testified that he assumed when he was in court on February 26, 1945 that the representative of the oil and gas division of the State of Illinois knew where the salt water came from and defendant agreed to correct the condition if it were his fault. He later employed two geologists to determine whether the salt water complained of came from his well. These men used colored water and analine dye for the purpose of testing to determine whether the salt water came from the well belonging to defendant. They both reported that in their judgment the salt water did not come from his well, but that it must be coming from one of the other wells in the vicinity. The defendant testified that in his effort to correct the condition he had spent over $5,000. The two geologists who made the tests on behalf of defendant indicated that there was no seepage from the wells belonging to defendant, but that circumstances pointed to other nearby wells rather than those belonging to defendant. There was some evidence that the tests of defendant's geologists

were not conclusive in determining whether or not the salt water came from the wells belonging to defendant.

After the hearing was concluded the court below entered an order finding the defendant guilty of contempt of court as charged in the citation and fined defendant $250, together with costs of the proceeding, and further ordered defendant to take such action as was required to remedy the condition of the salt water escaping and polluting the stream or to "satisfy" the State Department of Mines and Minerals and the court that he is not responsible for the escape of salt water as charged, within 15 days.

It is contended by defendant that the order and judgment originally entered by the county court on February 26, 1945 were null and void and that, therefore, the judgment in the contempt proceeding could not be sustained. It was, likewise, specifically contended that the evidence fails to prove that the defendant is guilty, but on the contrary shows that defendant is innocent.

Under the statute, the order of the county court directing the defendant to correct the condition within 30 days was not proper. The court transcended the limitation of the jurisdiction conferred and its judgment is void (*Sweitzer v. Industrial Commission,* 394 Ill. 141; *People v. Siman,* 284 Ill. 28).

The county court is a court of limited jurisdiction and is given certain jurisdiction by the constitution, but all other jurisdiction must be conferred by statute, and if conferred by statute the jurisdiction is limited to such cases as are specified in the statute (*People v. McWeeney,* 259 Ill. 161, 170; *McCormick v. West Chicago Park Commissioners,* 118 Ill. 655, 661). The particular statute, ch. 38, par. 467, 1945 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 37.417] authorizes the court by order before conviction is had to direct that the nuisance be abated by the sheriff or other proper officer, at the expense of defendant. There is no statu-

tory authority authorizing the court to direct the defendant to abate the nuisance or suffer the penalties of being held in contempt of court. We are, therefore, of the opinion that the order entered by the county court on February 26, 1945 was void and should be reversed.

■ ■ On the basis of the evidence presented in the court below we are, likewise, of the opinion that the evidence fails to prove the charge under the section of the criminal code upon which it was based that the defendant was guilty of permitting salt water to come out of the ground from his wells and pollute the stream. The only evidence offered by the State on this subject was the testimony of Herman Hahn and he stated that he determined that the salt water came from defendant's well because of the closeness of the salt water to the well. He admitted that he could not trace the water and that at the time he made the inspection other wells not belonging to the plaintiff might have been pumping in the neighborhood. As opposed to this evidence defendant introduced the evidence of the two geologists who made tests and determined that the salt water did not come from his well after defendant had gone to considerable expense in an effort to correct the condition which he thought resulted from his well. It is difficult indeed on the basis of the evidence before us to determine how the court below could conclude that the defendant had deliberately or wilfully disobeyed an order of court even if the order had been properly entered and within the jurisdiction of the court. The least that could be said on behalf of defendant, under the evidence, was that the failure to correct the condition was due to some misfortune over which defendant had no control (*Herrington v. Cassem*, 82 Ill. App. 594, 598).

Under the facts and the evidence produced on the hearing of this cause it seems clear that defendant has shown by the preponderance of the evidence that

he has not been permitting the escape of salt water from his wells into the stream. There was, therefore, no basis for a finding that defendant was guilty of contempt and if the order of the county court upon which such proceedings were founded were otherwise justifiable, the order finding him guilty of contempt could not be sustained under the law and the evidence in the case. The orders of the county court of Richland county are, therefore, reversed. There is no occasion to remand this cause in view of the facts and circumstances in this proceeding.

*Reversed.*

BARTLEY and SMITH, JJ., concur.